John A. Snow, Nevada Bar ID No. 4133
Zachary Shea, Nevada Bar ID 15094
PARSONS BEHLE & LATIMER
50 West Liberty Street, Suite 750
Reno, Nevada 89501
Telephone: 775.323.1601
Facsimile: 775.348.7250
jsnow@parsonsbehle.com
zshea@parsonsbehle.com

*Attorneys for Kern River Gas Transmission Co.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KERN RIVER GAS TRANSMISSION COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MANOR AT ALIANTE HOMEOWNERS ASSOCIATION, a Nevada nonprofit corporation; and a 50-FOOT-WIDE EASEMENT CROSSING A PORTION OF THE SOUTH ½ OF SECTION 19, TOWNSHIP 19 SOUTH, RANGE 61 EAST M.D.M.,<br><br>Defendant. | Case No. 2:21-cv-02193-RFB-EJY<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>Submitted in Compliance with LR26-1(b) |

Pursuant to LR 26-1 and Fed. R. Civ. P. 26(f), a meeting was held on February 25, 2022 and was attended by: John A. Snow, counsel for Plaintiff Kern River Gas Transmission Company ("Plaintiff"); and Richard E. Haskin, counsel for Defendant Manor at Aliante Homeowners Association ("Defendant"). The parties hereby submit the following stipulated proposed discovery plan and scheduling order:

**1. DESCRIPTION OF THE CASE**

Pursuant to the Natural Gas Act, *See* 15 U.S.C. §§ 717 to 717Z (the "**NGA**"), Plaintiff commenced this action to condemn an easement for a natural gas pipeline across a parcel of real property owned by Defendant in Clark County, State of Nevada. Plaintiff also seeks a determination of the just compensation due to Defendant for the condemnation of said easement. In defense, Defendant asserts that the action is barred by an applicable statue of limitation, the purported condemnation is an unconstitutional taking and not consistent with constitutional requirements, the boundaries of the purported easement are defective and uncertain, the purported condemnation is not for public use, the amount of just compensation, waiver, laches, unjust enrichment, unclean hands, fraud, bad faith, and arbitrary and capricious. To the extent there is a right of condemnation, which Defendant denies, Defendant seeks a determination of just and adequate compensation.

**2. DISCOVERY**

(1) <u>Discovery Cut-Off Date and Scope</u>: Defendant filed its Answer on **January 19, 2022**, and accordingly, fact discovery shall be completed 180 days from the date, which is **July 18, 2022**. The parties agree that all discovery allowed under the Federal Rules of Civil Procedure, including by Rule 26(b), Rule 30, Rule 33, Rule 34, and Rule 36 should be permitted, such that the parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or defenses and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

(2) <u>Amending the Pleadings and Adding Parties</u>: The deadline for filing motions to amend the pleadings or to add parties is 90 days before the close of discovery, which is **April 19, 2022**.

4873-2721-6401.v1

(3) <u>Fed. R. Civ. P. 26(a)(2) Disclosures (Experts)</u>. The deadlines for expert disclosures are 60 days before the discovery cut-off date, which is **May 19, 2022**. The rebuttal-expert disclosures be made 30 days after the initial disclosure of experts, which is **June 18, 2022**.

(4) <u>Dispositive Motions</u>. The deadline for filing dispositive motions is 30 days after the discovery cut-off date, which is **August 17, 2022**.

(5) <u>Pretrial Order</u>. The deadline for the joint pretrial order is 30 days after the dispositive-motion deadline, which is **September 16, 2022**. If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

(6) <u>Fed. R. Civ. P. 26(a)(3) Disclosures</u>. The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections to them must be included in the joint pretrial order;

(7) <u>ADR Certification</u>: The parties must certify that they conferred about the possibility of using alternative dispute-resolution processes including specifically mediation and arbitration.

(8) <u>Consent To Magistrate Judge</u>: The parties considered but did not consent to trial by a magistrate judge or to the use of the Short Trial Program.

(9) <u>Electronic Evidence:</u> Not applicable. A jury has not been demanded.

3. **DEADLINE TO EXCHANGE INITIAL DISCLOSURES**

Plaintiff shall serve its initial disclosures within 14 days after an order is entered on this "Stipulated Discovery Plan and Scheduling Order," and Defendant shall serve their initial disclosures 21 days thereafter.

DATED: 2/28/22          PARSONS BEHLE & LATIMER

/s/ John A. Snow
John A. Snow, Esq.
Zachary Shea, Esq.
*Attorneys for Plaintiff*

4873-2721-6401.v1

DATED: 2/28/22     GIBBS GIDEN

/s/ Richard E. Haskin
Matthew Grode
Richard E. Haskin
7251 W. Lake Mead Blvd. Suite 450
Las Vegas, Nevada 89128
*Attorneys for Defendant*
*(Signed w/ permission via email 2.28.22)*

DATED: _____     **IT IS SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE
UNITED STATES MAGISTRATE JUDGE

4

4873-2721-6401.v1